UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

May 17, 2021

Jordan E. Lieberman, Esq.
Steinhardt, Siskind and Associates, LLC
Quarterfield Center
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061

Kavita Sahai, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Ericka B. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-2281

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 2, 3), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 13).  The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2).  I have reviewed the pleadings and the record in this case and find that no hearing is necessary.  Loc. R. 105.6.  For the reasons noted below, Plaintiff's Motion (ECF No. 12) is denied and Defendant's Motion (ECF No. 13) is granted.

I.     **Background**

On August 2, 2017, plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB"), alleging disability beginning on July 12, 2016. (R. at 196-97).  Her claim was initially denied on October 5, 2017 (R. at 128-31), and on reconsideration on February 21, 2018 (R. at 133-35).  After a hearing held on July 2, 2019, an Administrative Law Judge ("ALJ") issued a decision on August 1, 2019, denying benefits based on a determination that plaintiff was not disabled.  (R. at 12-24).  The Appeals Council denied plaintiff's request for review on June 26, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-5).  Plaintiff challenges the Commissioner's decision on the grounds that: 1) the ALJ failed to find plaintiff's left thumb osteoarthritis and right hip avascular necrosis as severe impairments at step two; 2) the ALJ and the vocational expert (VE) failed to cite the correct Dictionary of Occupational Titles ("DOT") code for plaintiff's past relevant work during the hearing and at step four; and 3) the ALJ failed to consider plaintiff's daily activities when evaluating plaintiff's subjective complaints.

II.    **Discussion**

Plaintiff first argues the ALJ failed to find that plaintiff's left thumb osteoarthritis and right

Ericka B. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-2281
May 17, 2021
Page 2

hip avascular necrosis were severe impairments at step two. (ECF No. 12-1 at 6-8). At step two of the sequential analysis, the ALJ must determine whether the claimant has "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(a). Even where an ALJ does not expressly address at step two whether a purported impairment is severe, "there is no prejudice to the claimant if the ALJ sufficiently considers the effects of that impairment at subsequent steps." Fountain v. Astrue, Civil No. CBD-11-1884, 2013 WL 145873, at *4 (D. Md. Jan. 11, 2013).

Here, the ALJ discussed plaintiff's left thumb osteoarthritis at step two, finding it to be nonsevere because it was treated conservatively with bracing until after plaintiff's last date insured, when plaintiff underwent left thumb basal joint arthroplasty. (R. at 18). Additionally, the record shows that within two months of the surgery on her left thumb, plaintiff stated that it was "almost completely better." (R. at 1147). The ALJ sufficiently explained their reasoning for finding that plaintiff's left thumb osteoarthritis was not severe. Regarding plaintiff's right hip avascular necrosis, the ALJ does not discuss this condition at step two but does address it in plaintiff's residual functional capacity ("RFC"). (R. at 20-22). The ALJ noted that plaintiff's avascular necrosis causes "throbbing, aching pain worsened by driving" but that exams showed "no gross motor deficits other than some slightly antalgic gait" and that plaintiff did not require an assistive device to walk. (Id.) Additionally, the ALJ included a limitation to avoid operating a motor vehicle in plaintiff's RFC to address plaintiff's reports of pain when driving. (R. at 20). Overall, the ALJ provided sufficient reasoning for finding plaintiff's left thumb osteoarthritis and avascular necrosis to be nonsevere by discussing plaintiff's record surrounding these conditions. The ALJ also included limitations in plaintiff's RFC due to her avascular necrosis. Therefore, I conclude that substantial evidence supports the ALJ's conclusion that these conditions are nonsevere.

Next, plaintiff argues the ALJ and the VE failed to cite the correct DOT code for plaintiff's past relevant work, both during the hearing and at step four. (ECF No. 12-1 at 9). Plaintiff has past relevant work under DOT Code 201.362-014 – medical secretary. While the VE and the ALJ stated that plaintiff has past relevant work as a medical secretary, they incorrectly cited DOT Code 201.362-010 for legal secretary. (R. at 23, 56). At step four, the ALJ must determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). Past relevant work is "work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R § 404.1560. Plaintiff "bears the initial burden of proving that she is unable to perform her previous work." Charlene W. v. Saul, No. DLB-19-3441, 2021 WL 1224060, at *2 (D. Md. Mar. 31, 2021) (quoting Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991)).

Here, plaintiff maintains the use of the wrong DOT code is not a harmless error because "it is not clear if the VE was saying [plaintiff] could perform her past job as medical secretary or could perform the job of legal secretary." (ECF No. 12-1 at 9). The only substantive differences between the two job codes is that the medical secretary position may require occasional stooping and crouching while the legal secretary position does not. DICOT 201.362-010 (G.P.O.), 1991 W: 671667; DICOT 201.362-014 (G.P.O.), 1991 WL 671668. Yet, as mentioned by defendant, plaintiff's RFC allows for frequent stooping and occasional crouching. (R. at 20). Accordingly,

Ericka B. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-2281
May 17, 2021
Page 3

plaintiff's RFC exceeds the postural requirements of the medical secretary position. Plaintiff also contends that if plaintiff could not perform her past relevant work and was limited to sedentary work with no transferrable job skills, she would be found disabled at step five. (ECF No. 12-1 at 9). But the VE testified in the hearing that plaintiff had transferrable skills, and therefore this argument is unavailing. (R. at 56-57). Accordingly, I conclude that the VE and ALJ's use of the incorrect DOT code is harmless error and the ALJ's determination that plaintiff could complete past relevant work at step four is supported by substantial evidence.

Finally, plaintiff argues that the ALJ failed to consider plaintiff's daily activities when evaluating plaintiff's subjective complaints. (ECF No. 12-1 at 10-11). Social Security regulations provide a two-step framework for considering subjective complaints. First, the ALJ determines whether "medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. §§ 404.1529(b), 416.929(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms by considering the record of evidence in its entirety. Id. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms. Id. Further, the ALJ should also consider inconsistencies in the available evidence to ascertain whether a claimant's subjective claims of pain and its related symptoms can reasonably be accepted. Id. §§ 404.1529(c)(4), 416.929(c)(4). "An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain." Hinton v. Berryhill, Civil No. MJG-16-4043, 2017 WL 4404441, at *2 (D. Md. Oct. 4, 2017) (citing Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (holding that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions)).

Plaintiff specifically argues that the ALJ failed to consider plaintiff's daily activities in regard to her chronic pain and her testimony at the hearing that she is unable to grasp items with her left hand, has trouble holding items, that she does not believe she can type anymore, and that it takes her a long time to complete tasks. (ECF No. 12-1 at 10-11). The ALJ found that plaintiff's medically determinable impairments could not reasonably be expected to cause her alleged symptoms and that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the evidence of record." (R. at 21). The ALJ discussed plaintiff's statements regarding her chronic pain but found that the record showed plaintiff's pain was stable and that plaintiff had done well with medication management. (R. at 22). To account for this chronic pain, the ALJ limited plaintiff to the sedentary exertional level with additional postural limitations. (Id.) The ALJ also discussed plaintiff's left thumb osteoarthritis and plaintiff's testimony that she has difficulty grasping objects but found that plaintiff was treated conservatively prior to plaintiff's date last insured and that, even after plaintiff's last date insured, plaintiff "reported her left thumb was almost completely better." (R. at 18). In sum, the ALJ properly considered both objective and subjective evidence in assessing the factors relevant to plaintiff's symptoms and in finding that the record as a whole contradicted plaintiff's subjective claims regarding her pain and ability to work during the relevant time period.

Ericka B. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-2281
May 17, 2021
Page 4

Accordingly, remand is not warranted on this issue.

### III.     Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 12) is DENIED and Defendant's Motion (ECF No. 13) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.


Very truly yours,


/s/
Beth P. Gesner
Chief United States Magistrate Judge